1

Joseph Samec in Pro Per

2

3
838 N. Charter Dr.
Covina Ca 91724
626-482-6173

4
josephsamec5@gmail.com

5

6

7    **UNITED STATES BANKRUPTCY COURT**

8    **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**



**FILED**

JAN 0 2 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

9    In re:

10   Guy Griffithe

11                    Debtor

12

13   Joseph Samec

14                    Plaintiff
              vs.
15
     Guy Griffithe
16
                    Defendant
17

18

19

20

21

BK Case No:  8:19-bk-12480-TA

Chapter 7

Adv. No. 8:19-ap-01199-TA

**OPPOSITION TO DEFENDANT GUY GRIFFITHE'S MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. § 523 (a)(2)(A) and (a)(4)]**

[F.R.C.P. 9(b), 12(b)(6); F.R.B.P.7009,7012]

Date: 1-16-2020
Time: 10:00 Am
Courtroom: 5B
Place: 411 West Fourth Street, Santa Ana

Complaint Filed:    October 1, 2019

22   **TO DEFENDANT GUY GRIFFITHE:**

23        PLEASE TAKE NOTICE that on 1-16-2020 at 10:00 AM in the Courtroom of the

24   Honorable Theodor Albert, United States Bankruptcy Court Central District of California,

25   Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Courtroom 5B,

26   Santa Ana Ca 92701-4593.  Plaintiff Joseph Samec ("Plaintiff") files this Opposition to

27   Defendant Guy Griffithe ("Defendant") *Motion to Dismiss Complaint to Determine*

28   *Dischargeability of Debt. [11 U.S.C. §523(a)(2)(A) and (A)(4)].*

1

1

## TABLE OF AUTHORITIES

2

3    ### CASES

4    In Re: Eashai 87 F.3d. 1082, 1088 (9th Cir. 1996)

5    Brown v. Halbert 271 Cal. App. 2d252 (Cal. Ct. App. 1969) Page 266

6    People v. Rankin 325 P. 2d 10 (Cal. Ct. App. 1958) Pages 97, 103

7    Rivett v. Nelson 322 P. 2d 515 (Cal. Ct. App 1958) Page 271

8    People v. Lavoie G052314 (Cal. Ct. App. Sept. 20, 2017) Page 7

9    In Re: Ryals 424 B.R. 539 (Bankr. M.D. Fla 2009) Page 543

10   Mulligan v. Jalbert No. 3:17-cv-01873 (Jam) (D. Conn. May 3, 2018) Page 3

11   Beneficial Fin Co v. Sodano 63 Misc. 2d 466 (N.Y. Misc. 1970) Page 467

12   In Re: Bogdanovich 292 F. 3d 104 (92d Cir 2002) Page 107

13   In Re: Brown 88 B.R. 280, 282 (Bankr. D. Haw. 1988) Pages 283, 284

14   People v. Daniels 52 Cal. 3d 815 (cal 1991) Page 857

15   Weatherly v. Universal Music Publishing Group (2004) 125 Cal App. 4th 913, 919

16   Marrama v. Citizens Bank of Massachusetts, 127S.Ct. 1105 (2007)

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEFENDANT GUY GRIFFITHE'S MOTION TO DISMISS COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT [11 U.S.C.§523 (a)(2)(A) and (a)(4)]

# I.    STATEMENT OF FACTS

1.    The Principal purpose of the Bankruptcy Code is to grant a "fresh start" to the **"honest but unfortunate debtor".** *Marrama v. Citizens Bank of Massachusetts. 127 S.Ct. 1105(2007).* (Emphasis added) It is asserted that debtor Guy Griffithe is neither ***"honest," nor "unfortunate."***

2.    Defendant has failed to notify the Bankruptcy court that at least 22 of the 87 unsecured creditors in Defendants Bankruptcy listed on form *106 E/F Pages 1-31* is debt incurred by Defendant seeking investors to fund a marijuana grow and production company in the State of Washington. SMRB LLC, dba Green Acres Pharms LLC, is a marijuana grow business. Renewable Technologies Solution Inc. ("RTSI"), is a shell corporation to funnel investor monies into SMRB. dba Green Acres Pharms. RTSI bank accounts are comingled with Bridgegate Management, (wholly owned by Defendant) which had an alleged, management contract with Bridgegate Picture Corp, at the time Defendant entered into the promissory note with Plaintiff.

3.    Plaintiff opposes Defendant Motion to Dismiss. Defendant claims Plaintiff attempts to allege causes of action by providing non-plausible confusing assertions of fact, then failing to apply those assertions to the elements of any given causes of action. No further proof to Plaintiffs causes of action can be provided until Defendant agrees to cooperate with discovery provisions in state civil court. To date Defendant still refuses to supply discovery.

4.    Defendant has string cited their table of Authorities in an attempt to intimidate the Plaintiff and impress the court. Although Defendant cites 53 different cases in his tables of Authority most do not apply to this case.

5.    Defendant and Defendant's Council in their Motion to dismiss have intentionally attempted to alter Plaintiff's statements, by changing the wording, and meaning of the paragraphs in Plaintiff's complaint. Defendant in his Motion to Dismiss, attempts to intentionally mislead the court as to the facts presented by Plaintiff.

6.    Defendant is attempting to hide from the court his past acts which would constitute a common scheme. From the time of Defendants previous Bankruptcy filed May 20, 2008, finalized February 12, 2009 case number 6:08-bk-15826-PC there have been over 20 Lawsuits filed against Defendant in several states for nonpayment of debt. Defendant continues to refuse to supply

3

1    discovery in civil court in hopes of getting a full discharge of debt in Bankruptcy court. The discovery

2    requested in Los Angeles (Pomona) civil court case number KC069896 would most definitely seal the

3    allegations of fraud; in this case; however Defendant is/has been uncooperative.

4                                **II.    Background of the Instant Lawsuit.**

5            7.    On March 30, 2017 Defendant signed a 90 day promissory note, for Bridgegate Picture

6    Corp., (the subject "Promissory note"), due, and payable, on June 30, 2017. *Defendant signed the*

7    *promissory note in* <u>*both*</u> *the capacity as President of Bridgegate Picture Corp., and as a personal*

8    *guarantor in the event that the company failed to fulfill its obligations as per the note.* (A true and

9    correct copy of the promissory note is attached hereto as Exhibit A.)

10           8.    The promissory note was delivered to Plaintiff, by Plaintiff's then financial advisor

11   Maartin Rossouw ("Rossouw") with Defendant's signature already affixed to it.  Plaintiff signed the

12   note and addressed a check in the amount of $100,000 payable to "Bridgegate Management" for

13   Bridgegate Picture Corp. per the direction of Rossouw who was directed by Defendant to do so via

14   telephone correspondence. Therefore Rossouw acted as a dual agent between Plaintiff and Defendant.

15   (A true and correct copy of the check is attached hereto as Exhibit B.)

16           9.    Plaintiff notified Rossouw by phone on June 30, 2017 the promissory note had come

17   due. Rossouw responded he would contact Defendant and arrange for payment.  Plaintiff contacted

18   Rossouw several times by phone, text, emails, and in person, over the next several months requesting

19   the note be paid.

20           10.    September 2017, Plaintiff contacted Rossouw requesting an email address and phone

21   number, for Defendant, President of Bridgegate Picture Corp. Plaintiff emailed Defendant asking for

22   the promissory note to be paid.  To date Plaintiff has only received $25,000.

23           11.    Within the past 18 months, Plaintiff has been made aware and thereon alleges at the

24   time Plaintiff loaned the funds, Defendant knew Bridgegate Picture Corp., was and remains grossly

25   undercapitalized to meet the risks and obligation's attendant with the business they conduct.

26           12.    Within the past 18 months Plaintiff is informed and believes Defendant was grossly

27   undercapitalized, and did not have sufficient assets to cover the personal guarantee as set forth in the

28   promissory note.

OPPOSITION TO DEFENDANT GUY GRIFFITHE'S MOTION TO DISMISS COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT [11 U.S.C.§523 (a)(2)(A) and (a)(4)]

13.     In keeping with a common scheme and practice Defendant has prior history of procuring promissory loans for Bridgegate Picture Corp., as well as other companies he has ostensibly managed, using the same or similar contracts and personal guarantees. Many of these other promissory notes, are also in default.

14.     Defendant intended that Plaintiff rely on number 9 of the promissory note, *personal guarantee* as to create the illusion of a secondary form of insurance to imply the success of the promissory note. Plaintiff did in fact rely on Defendant's personal guarantee when deciding to effectuate the loan to Bridgegate Picture Corp.

15.     Bridgegate Picture Corp. and Defendant were in default on previous promissory notes of the same terms and conditions, when Plaintiff was issued his note.

16.     If Plaintiff had been aware. Defendant lacked sufficient income and assets to guarantee the promissory note, and was already in default on prior issued promissory notes of the same terms and conditions Plaintiff would never had made the loan.

17.     Defendant's acts described above were committed with conscious disregard of the rights and interest of Plaintiff, so as to constitute malice within the meaning of **Civil Code §3294**.

### III.   DEFENDANT AND DEFENDANT'S COUNCILS MISLEADING STATEMENTS TO CURVE THE OPINION OF THE COURT

18.     Defendant and Defendant's Council in Defendant's Motion to Dismiss have intentionally attempted to alter Plaintiff's statements, change the wording, and meaning of the paragraphs in Plaintiff's complaint. Defendant, in his motion to dismiss, attempts to intentionally mislead the court as to the facts presented by Plaintiff.

19.     Defendant claims that Plaintiff's complaint alleges that the Promissory note was signed by borrower Bridgegate Picture Corp. (i) page 3 line 7 of Defendants Motion to Dismiss.  Plaintiff's complaint states:  *On March 30, 2017 Defendant signed a 90 day promissory note, for Bridgegate Picture Corp. (the subject "Promissory note") due, and payable, on June 30, 2017. Defendant signed the promissory note in both the capacity as President of Bridgegate Picture Corp., and as a personal guarantor in the event that the company failed to fulfill its obligations as per the note. (A true and correct copy of the promissory note is attached hereto as Exhibit A.)*

OPPOSITION TO DEFENDANT GUY GRIFFITHE'S MOTION TO DISMISS COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT [11 U.S.C.§523 (a)(2)(A) and (a)(4)]

20.    Defendant alleges on page 3 line 20 of his Motion to Dismiss, that Plaintiffs complaint further alleges the Promissory note "Exhibit A" provides for "interest payable in the amount of $20,000.00 on the unpaid principal at the rate of $520.000.00" and a "monthly penalty of $6,500.00 a month or $206.67 per day" (i.e., 80% interest) which it does not.

21.    The promissory note (Exhibit A) expresses: *"The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of $100,000.00 USD, with interest payable in the amount of $20,000.00 on the unpaid principal at the rate of $20,000.00* not the $520,000.00 stated by Defendant.

22.    Defendant also makes mention on page 3 line 27 of his Motion to Dismiss the note attached as Exhibit A is to a "Joe Samec" not the Plaintiff Joseph Samec. However, the contract is signed by Joseph Samec, on the signature line above "Joe Samec" and the check issued is by Joseph Samec, and accepted by Defendant as such. Notwithstanding Defendant's frivolous assertion that Joseph Samec has no standing to sue on a note identifying "Joe Samec" as the lender, Defendant had no problem accepting the note signed by "Joseph Samec." It should also be noted that, on several occasions, Defendant has acknowledged the validity of the note, in correspondences addressed to "Joe Samec" with no objection to the name "Joseph Samec." (A true and correct copy of a few email correspondence are attached hereto as Exhibit C.)

23.    Defendant makes mention on page 4 line 8 of his Motion to Dismiss dated October 30, 2019 Plaintiff further alleges that in the past 18 months, Plaintiff discovered as of 3-30-2017 Defendant knew that Bridgegate Picture Corp. was and remains grossly undercapitalized to meet the risks and obligations attendant with the business they conduct. Plaintiff's (complaint ¶ 9) states: *Within the past 18 months, Plaintiff has been made aware and thereon alleges at the time Plaintiff loaned the funds, Defendant, knew Bridgegate Picture Corp., was and remains grossly undercapitalized to meet the risks and obligation's attendant with the business they conduct.* Plaintiff's complaint does not mention a date of 3-30-2017 in (Complaint ¶ 9) as Defendant claims.

24.    In Defendants Motion to Dismiss page 10 lines 8-12, mentions Plaintiffs complaint states; Bridgegate Picture Corp. and Defendant were in default on previous promissory notes of the same terms and conditions, when Plaintiff was issued his note. (Complaint ¶ 13) calling into question

1   the reasonableness of lending money to a debtor who the Plaintiff knows has defaulted on previous

2   promissory notes of the same terms and conditions with Plaintiff. Plaintiff refers the court and

3   Defendant to Plaintiffs (complaint ¶ 9, 10) which clearly states: ***Within the past 18 months Plaintiff is***

4   ***informed and believes Defendant was grossly undercapitalized, and did not have sufficient assets to***

5   ***cover the personal guarantee as set forth in the promissory*** Plaintiff was unaware of Defendants prior

6   defaults at the time the promissory note was issued, on 3-30-2017.

7         25.    In Defendants Motion to Dismiss page 10 lines 13-18 Defendant alleges: there are

8   many problems with this purported personal guaranty:  Defendant claims he did not personally

9   guarantee a debt on behalf of "<u>Bridgegate Management</u>."  The Promissory Note is only signed by

10  Defendant in his corporate capacity on behalf of Bridgegate Picture Corp., and is not signed in any

11  personal capacity as a personal guarantor (in violation of California Civil Code § 2793), and identifies a

12  different lender – a "Joe Samec" and not Joseph Samec (Complaint ¶ 5).  A guaranty agreement must

13  properly identify the creditor to whom the obligation is owed (in other words, the name of the lender).

14  Plaintiffs (Complaint ¶ 5) states: ***On March 30, 2017 Defendant signed a 90 day promissory note, for***

15  ***Bridgegate Picture Corp., (the subject "Promissory note"), due, and payable, on June 30, 2017.***

16  ***Defendant signed the promissory note in <u>both</u> the capacity as President of Bridgegate Picture Corp.,***

17  ***and as a personal guarantor in the event that the company failed to fulfill its obligations as per the***

18  ***note. (A true and correct copy of the promissory note is attached hereto as Exhibit A.)*** There is no

19  mention of Bridgegate Management in Plaintiffs (Complaint ¶5).

20        26.    In Defendants Motion to Dismiss page 10 lines 22-24, Defendant states: What exactly

21  does it mean to "take full responsibility for the note?" Does it mean to pay it? Further, the only

22  commitment to pay is to "pay" all cost associated with the terms of this agreement."  Defendant would

23  like the Court to believe he is ignorant to the definition of the term personal guarantee, and full

24  responsibility.  Plaintiffs (Exhibit A) Promissory No. 9 states***: Guy Griffithe extends a personal***

25  ***guarantee as additional condition of this note.  If the company does not pay this note as agreed here***

26  ***within then Guy Griffithe will personally take full responsibility for the note <u>and</u> will pay all cost***

27  ***associated with the terms of this agreement.***

28        27.    In Defendants Motion to Dismiss page 11 line14, Defendant claims a debtor statement

of future intention is not necessarily a misrepresentation of intervening events caused by the debtor's future actions to deviate from the previously expressed intentions. By information and belief Plaintiff asserts Defendant has continually misrepresented, and falsely represented his worth and the worth of each and every company he has represented or managed from at least 2008 to present, to procure loans from the public, to which Defendant has a history of nonpayment.

28.    In Defendant's Motion to Dismiss page 12 lines 15-18 Defendant claims he made subsequent payments to Plaintiff of $25,000.00 which allegedly disproves any possible intent to defraud and not pay Plaintiff. In fact, Defendants first attempt at payment for $20,000.00 on November 8, 2017 was returned for non sufficient funds and never satisfied. (A true and correct copy of check and letter from Bank are attached hereto as Exhibit D). Defendant's second attempt at payment for $25,000.00 would have been returned also had Plaintiff not held the check for several days. (A true and correct copy of check is attached hereto as Exhibit E). One payment for $25,000.00 does not constitute subsequent payments, nor does it constitute satisfaction of Defendant's contractual obligations. Additionally, Defendant's admitted payment of $25,000.00 begs the question: why would Defendant make any payment on a debt of which he claims no responsibility?

29.    In Defendants Motion to Dismiss page 13(b) lines 5-9 Defendant claims that Plaintiff alleges that "Bridgegate Picture Corp. and Defendant were in default on previous promissory notes of the same terms and conditions, when Samec was issued his note. (Complaint ¶13) calling into question the reasonableness of lending money to a debtor who the Plaintiff knows has defaulted on previous promissory notes of the same terms and conditions with Plaintiff. Of course Defendant fails to cite any authority wherein "reasonableness" is a valid defense to a breach of contract action. Defendant repeatedly refers to (Complaint ¶13) however does not acknowledge (Complaint ¶9 and ¶10) which describe the time frame of when Plaintiff was made aware of Defendants previous defaults. Plaintiffs (Complaint ¶9):

*Within the past 18 months, Plaintiff has been made aware and thereon alleges at the time Plaintiff loaned the funds, Defendant, knew Bridgegate Picture Corp., was and remains grossly undercapitalized to meet the risks and obligation's attendant with the business they conduct.*

30.    Plaintiff (Complaint ¶10): *Within the past 18 months Plaintiff is informed and*

1  *believes Defendant was grossly undercapitalized, and did not have sufficient assets to cover the*

2  *personal guarantee as set forth in the promissory note.*

3      31.    In Defendants Motion to Dismiss page 14 Defendant describes usury laws and points

4  and authorities however Defendant fails to mention the said promissory note was designed, and drafted

5  by Defendant, then issued to Rossouw, by Defendant, to issue to Plaintiff.  Defendant conveniently fails

6  to mention that he has repeatedly drafted the same terms in promissory notes presented to other

7  investors. Additionally, Defendant fails to acknowledge that, when any term or condition of a contract

8  is legally unenforceable, the court may modify the term or condition to fall within legal guidelines. Cal.

9  Civ. Code § 1670.5 (a) offending. (True and Correct copies of 4 of the other contracts in my possession

10  are attached hereto as Exhibit F).

11                                    **IV. CONCLUSION**

12      32.    Defendant has not demonstrated nor can Defendant state a practicable reason

13  why this Adversary Complaint should be dismissed.  Defendant's attempts to impress the court by

14  string citing points and authorities that quite frankly have no persuasive bearing on this case and

15  misrepresents the facts in Plaintiffs actual Complaint.

16      33.    For the above reasons Plaintiff prays this court not Dismiss Plaintiff's complaint and

17  Plaintiff be granted leave to amend if the court deems necessary. Plaintiff prays that this court issue a

18  finding of fact that the claims brought against Defendant by Plaintiff are not dischargeable under U.S.C.

19  §524 (a)(1) and (2).  Plaintiff prays that this court award Plaintiff costs and reasonable attorney's fees

20  pursuant to the terms and conditions of the bad faith contract issued by Defendant to Plaintiff and costs

21  and reasonable attorney's fees in the amount which will be ascertained pursuant to 11U.S.C. § 523(d),

22  F.R.C.P. 11 and F.R.B.P. 9011.

23

24

25  Dated: _____                              _____
                                                         Joseph Samec in Pro Per
26

27

28

OPPOSITION TO DEFENDANT GUY GRIFFITHE'S MOTION TO DISMISS COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT [11 U.S.C.§523 (a)(2)(A) and (a)(4)]

# EXHIBIT A

**THIS PROMISSARY NOTE IS THE** "Agreement" made and entered into this 30th day of March 2017 the "Execution Date"

# PROMISSORY NOTE

**Borrower:**    Bridgegate Pictures Corp 200 S. Main St Suite 305 Corona, CA 92882 (the borrower)

**Lender:** Joe Samec (the lender)

**Principal Amount:**    $100,000.00 USD

1.  FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of $100,000.00 USD, with interest payable in the amount of 20,000 on the unpaid principal at the rate of $20,000.00.

2.  PENALTY: The borrower agrees for every month thereafter there will be a $6,500 a month penalty or $206.67 per day.

3.  This Note will be repaid in full on June 30th, 2017.

4.  At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

5.  All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.

6.  If any term, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary.

7.  This Note will be construed in accordance with and governed by the laws of the State of California.
8.  This Note will ensure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

1 of 2

9.  Guy Griffithe extends a personal guarantee as additional condition of this note.  If the company
    does not pay this note as agreed here within then Guy Griffithe will personally take full
    responsibility for the note and will pay all cost associated with the terms of this agreement.

IN WITNESS WHEREOF the Borrower has duly affixed their signature under seal on this 30th day of
March, 2017.

**SIGNED, SEALED, AND DELIVERED**

This 30th day of March, 2017

_____        March 30, 2017

Guy Griffithe – Signer                  Date

Bridgegate Pictures Corp

_____        3/30/17

Joe Samec – Lender                      Date

2 of 2

# EXHIBIT B

CHASE
PRIVATE
CLIENT

**JOSEPH A. SAMEC**
**BRENDA J. SAMEC**
838 N CHARTER DR.
COVINA, CA 91724-2620

2100

3222
27111

DATE 3/30/17

PAY TO THE
ORDER OF  Bridgegate Managment                    $ 100,000.00

One hundred thousand Dollars 00/100

JPMorgan Chase Bank, N.A.

MEMO  Loan                          Joseph A Samec

⑈322271627⑈    ⑈0653660⑈ 2100

6500
6500
33,000

# EXHIBIT C

I am well aware of exactly who you are, let's make 1 thing clear I do not hide behind anything, or anyone you know this for you have had many opportunities to sit with me, you declined. The suffering, and spending shareholders profits on legal fee's is in no way connected to myself, I had not yet made a complaint. I know you have been contacted by people on the email chain, when I contacted them I gave my name so as not to hide anything, no details were given about contract terms by either side during conversation.

Now take the higher road as you say and protect the company, and work towards the healthy solutions you speak of, if you followed the contract you would not have ended up in court, having to settle. That cost shareholders money, did it not!  What was the terms of the settlement, was that my fault too.

Now negative energy is what you are calling questions asked? I thought we could reach out directly?

I also apologize to everyone who has had to endure the correspondents between Guy and myself, I hope everyone understands, sometimes we as shareholders must come together to help one another.

Guy feel free to contact me by phone you have my numbers let's stop all this sensless banter between us you know what you need too do, so do it, again you have my phone numbers.

Joe

Sent from Yahoo Mail for iPhone


On Tuesday, August 7, 2018, 11:46 AM, Guy Griffithe <guy@bridgegatepictures.com> wrote:

Joe,

Let me clear, I'm throw no threats as you are well aware I have no issues standing strong on behalf of the companies I'm apart of and protecting the shareholders. The actions that have been taken have in fact caused issues upon the shareholder environment of this company. Further disclosure has been made in regards to other dealings that does not belong in the forum of this company therefore it is in fact damaging.

You merely writing in the forum stating that you have not done any of this is your attempt to paper trail hiding behind the emails that your not responsible. There are actions for everything that is being done. Right now the company is suffering because it has to spend shareholders profits on legal fees which should be going toward everyone that is trying to support the company and its growth.

I have been contacted by individuals who have clearly identified you as the person contacting them. I don't have to worry about airing the mass as you clearly have no problem with it. There isn't a single member that is apart of this company that I have any issues with knowing exactly what has happened.

Let's start with we had to defend a lawsuit in San Diego. The investor came to us through the transfer of interest but we were not fully aware. When we received the suit they named everything under the sun regardless of its truth but as a company we always have to take the higher road and make sure we protect the company. We then settled the case and it has been dismissed. That doesn't mean we did anything wrong it merely means we were able to come to a settlement that is less costly and more beneficial to the company.

We also had a loan that we took out and due to the delays of the market it took longer then expected for cash flow to come back up. We then had to work with that individual and once again in good faith we agreed on terms and settled the case which is now dismissed. There has never been a single issue that the company has not been willing to work with everyone to resolve. That is good business. We do not run from our issues we work on healthy solutions. Regardless of the delays we always find away to make it right and get us back on the right track.

You are correct this is a great industry and every single person that remains with our company will see the strength of what we have accomplished. This is a very aggressive undertaking to be able to survive what happened in the industry (Washington) but come out the other side stronger. We value all of our shareholders and it is unfortunate that an error was made by someone trying to help the company and as a result accidentally disclosed the chain in an open venue instead of blind. I know that person feels terrible and we as a company are not happy with it because we feel strongly about protecting all of us and our privacy. Now with that said each shareholder should feel just as strongly about the privacy and know because of that mistake shouldn't present an opportunity to continue the misfortune.

Finally, to all the shareholders I personally apologize that everyone has had to endure the correspondents that have been communicated within this chain. However I do believe there has been some good stuff I also feel there had been a lot of negative energy put forth. We as the company will not  continue to discuss in this manner and as we have always stated you are more then welcome to reach out to us directly. If there is something in which we want to address with the attorneys please let me know as we are billed and it affects everyone. We look forward to the future and healthier communications. I think as we all develop in business we are learning and adapting as we

## RE: Re: 2nd request

From:  guy@bridgegatepictures.com

To:    powerpukewife@yahoo.com

Cc:    tom.beener.law@gmail.com; bruce.thompson@bio-techne.com; aspealberto@hotmail.com;
       tregg@treggrustad.com; autochig@aol.com; stevenpk@me.com; zwine626@yahoo.com;
       wayne@citywidetax.com; chrstyrgrs@gmail.com; bpoll1@hotmail.com; gmschneider00@gmail.com;
       craig.brown066@gmail.com; eldonpeterson@me.com; therealjasonjoseph@gmail.com; lorrievercoe@gmail.com;
       beckyjoseph29@gmail.com; proudmomaaa@gmail.com; sfaikwan@aol.com; bxcalderwood@yahoo.com;
       sbagot@sbcglobal.net; eray27@hotmail.com; maartin@mjrinsurance.com; verhelle6@msn.com;
       ksgould24@gmail.com

Date:  Tuesday, August 7, 2018, 03:14 PM PDT

Joe,

I have not declined meeting with you. However based on your actions I have been advised by legal that all
communications conducted with you will either be written or with mediation that is recorded. I have no issues with
conversing to discuss and resolve matters and I have responded to every communication requested of me. I have
already instructed counsel to reach out and arrange mediation with you. You have been unwilling before so lets make
the proper arrangements to get to the bottom of your issues in mediation.

In order to make sure the company is in compliance we have to incur legal counsel. This is a normal practice and we are
well within our rights to do for the benefit of the company. All parties have signed a non disclosure and disbarment
clause so unfortunately legally we cannot disclose the settlement. I will converse with legal but I do believe that is what I
was told. Bottom line is they did not lose anything.

If you wish to continue please feel free to email me directly which is what I stated. Emailing the chain does not constitute
directly. I look forward to resolving this and I know our attorneys are conversing so I am hopeful you will yield to the
advise with meditation and working towards a resolution.

Thanks

Guy

--------- Original Message ---------

Subject: Re: 2nd request
From: "Brenda Samec" <powerpukewife@yahoo.com>
Date: 8/7/18 12:42 pm
To: "Guy Griffithe" <guy@bridgegatepictures.com>
Cc: "tom.beener.law@gmail.com" <tom.beener.law@gmail.com>, "Bruce Thompson" <bruce.thompson@bio-
techne.com>, "Alberto Aspe" <aspealberto@hotmail.com>, "Apaicy Capital" <tregg@treggrustad.com>, "Tony
Solorio" <autochig@aol.com>, "Steven Kramer" <stevenpk@me.com>, "Zachary Dixon Enterprise"
<zwine626@yahoo.com>, "Wayne Curtis" <wayne@citywidetax.com>, "Christy Rogers" <chrstyrgrs@gmail.com>,
"Barry Pollitt" <bpoll1@hotmail.com>, "Gregory Schneider" <gmschneider00@gmail.com>, "Craig Brown"
<craig.brown066@gmail.com>, "Eldon Peterson" <eldonpeterson@me.com>, "Jason Joseph"
<therealjasonjoseph@gmail.com>, "Lorrie Vercoe" <lorrievercoe@gmail.com>, "Jonathan Joseph"
<beckyjoseph29@gmail.com>, "Joe Barrera" <proudmomaaa@gmail.com>, "NK3 LLC" <sfaikwan@aol.com>,
"Steve Titzer" <bxcalderwood@yahoo.com>, "Steve Bagot" <sbagot@sbcglobal.net>, "Ray Vellozzi"
<eray27@hotmail.com>, "Maartin Rossouw" <maartin@mjrinsurance.com>, "Tim Verhelle" <verhelle6@msn.com>,
"Kevin Gould" <ksgould24@gmail.com>

Guy;

go. I think the WA company has done a fantastic job. Very proud of what has been built and our brand and all of you should be as well. Let's get through the house keeping and move forward so everyone can take value in the company and focus the energy where it should be.

Best,

Guy

From the offices of Guy Griffithe

On Aug 7, 2018, at 11:05 AM, Brenda Samec <powerpukewife@yahoo.com> wrote:

Mr. Griffithe;
I was unaware I needed to inform you I intended to speak to the attorney. Now you say tortoise interference, there is not a single thing I have done that could damage the company or the shareholders.
Guy, you like to throw out threats, how about you threaten to fix the problem, now I have not and will not sabotage the company, or its members, for you to make these accusations, and air them out in mass email is only your ploy to intimidate others.
You strongly suggest I take a buy out, it is not my intention to take a buy out, as I have told the attorney.
Now the ups and downs of this market has nothing to do with what is going on here.
I feel that this is a great business, however we need to be informed.
Now You did not protect the shareholders privacy which led to this.
Best
Joe

Sent from Yahoo Mail for iPhone


On Tuesday, August 7, 2018, 10:35 AM, Guy Griffithe <guy@bridgegatepictures.com> wrote:

Joe,

I'm in receipt of your 2nd request. Your claim of non transparency is incorrect. From the time of your last request we provided all the documentation to legal within 48 hours. We are not his only clients and there is a lot of documentation for them to review. Keep in mind this is all at a billable rate that we as the company are paying so this is costing everyone involved.

I too have been waiting and I have been requesting for this to get out to everyone. I will contract the attorney again and see how it coming along to get all the information out. I was not made aware that you spoke to the attorney however I have been made aware of your "tortoise interference" you have been conducting by contacting other members of the company which is against company policy and could result harming or damaging the company which in turn could result further damages you could be responsible for.

Everyone including myself are being patient so the attorneys can provide everyone with the same information. The company is starting to see positive movement but if this type of behavior continues everyone will see a loss that is unnecessary. Part of the delay is reviewing the company protocol when a shareholder is deliberately trying to sabotage the company and is determined to be harmful to the other members. It is our job as the company to ensure all members are protected as we are all owners not just investors.

I believe once everyone had an opportunity to review everything they will all be more than satisfied with the information and understanding of the company, it's growth and the future of where the company is going.

We look forward to resolving all matters and providing the opportunity for any shareholders who wish to be bought out that opportunity. I would strongly suggest that you take that is offer so you can be secure with your investment back and you will no longer have to endure the ups and downs of the industry. We do control the market and changes but we are doing very well in fighting through them to remain a leading brand.

I will update everyone shortly once I'm able to converse with legal to find out what the status is regarding the paperwork getting out.

Best,

Guy

From the offices of Guy Griffithe

On Aug 7, 2018, at 7:59 AM, Brenda Samec <powerpukewife@yahoo.com> wrote:

<2nd request green acres.doc

# EXHIBIT D



**BRIDGEGATE MANAGEMENT**
**200 S. MAIN ST SUITE 305**
**CORONA, CA 92882**

Wells Fargo Bank
16-24/1220

**003022**

EZShield™ Check Fraud
Protection for Business

11/8/2017    wed

PAY TO THE
ORDER OF        Joseph Samec                                                    $    **20,000.00

Twenty Thousand and 00/100************************************************************************    DOLLARS

Joseph Samec
838 North Charter Dr.
Covina, CA 92503

MEMO

Interest Payment

AUTHORIZED SIGNATURE    MP

⑈003022⑈ ⑆122000247⑆ 154238264⑈

---

**Bridgegate Management**                                                        **003022**

Joseph Samec                                            11/8/2017

| Date | Type | Reference | | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---|---------------|-------------|----------|---------|
| 11/8/2017 | Bill | | | 20,000.00 | 20,000.00 | | 20,000.00 |
| | | | | | | Check Amount | 20,000.00 |

| Interest | | Interest Payment | | | | | 20,000.00 |
|----------|---|------------------|---|---|---|---|-----------|

wed

# CHASE

Date: November 17, 2017   Advice 105034   Account xxxxxxxxxxxxx3660/0

We're subtracting funds from your account ending in 3660.

⌐   JOSEPH A SAMEC,
A   ...ck(s) previously deposited to your account was returned unpaid to us.

Advice = 105034
JOSEPH A SAMEC
OR BRENDA J SAMEC
838 N CHARTER DR
COVINA CA  91724-2620

| Return Reason | | Deposit Date | Internal Seq # | Item Amount |
|---|---|---|---|---|
| NSF 1st | | 11/10/2017 | 99000549 | $20,000.00 |
| Not enough funds to pay this check.  You can deposit again. | | | | |

W   ..e received the check(s) from the paying bank and will:        1 Checks Charged Totaling:        $20,000.00
-Subtract the amount of the returned check(s) which was previously deposited, and
-Enclose a legal copy of the original check(s) that can be used in place of the original check(s)

If you have questions, please call us at 800-935-9935. Thank you for choosing Chase.

Sincerely,
Misty D. Hall
Executive Director

EXC14
JPMorgan Chase Bank, Member FDIC



*111900057*
11/14/2017
99000549
This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

**RETURN REASON-A
NOT SUFFICIENT FUNDS**

4270059757  [111900057]  11/10/2017

NSF

⑄"003022⑄  ⑇:122000247⑇  154238264⑇⑈  ⑇"0002000000⑇

# EXHIBIT E

**BRIDGEGATE MANAGEMENT**
200 S MAIN ST # 305
CORONA, CA 92882-2211

1115

16-24/1220 4209
1542382641

Date __11-21-17__

Pay To The
Order of __Joseph Samec__                                        $ 25,000. ⁰⁰

__Twenty five thousand and 00/100__                              Dollars

Wells Fargo Bank, N.A.
California
wellsfargo.com

For __Redeemed Interest payment__

⑈"000000 1 1 1 5"⑈  ⑆1 2 2 0 0 0 2 4 7⑆  1 5 4 2 3 8 2 6 4 1⑈

Deposit
11/22
Tuesday

# EXHIBIT F

**THIS PROMISSARY NOTE IS THE** "Agreement" made and entered into this 8th day of December 2016 the "Execution Date"

# PROMISSORY NOTE

**Borrower:**  Bridgegate Pictures Corp 200 S. Main St Suite 305 Corona, CA 92882 (the borrower)

**Lender:**  NK3, LLC 600 Union Street. Encinitas, CA 92024 (the lender)

*Shing Kwan and Kevin Gyula, DC 12/8/16*

**Principal Amount:**    $250,000.00 USD

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of $250,000.00 USD, with interest payable on the unpaid principal at the rate of $50,000.00 for 90 calendar days, calculated monthly not in advance.

2. PENALTY: The borrower agrees for every month thereafter there will be a $16,666.67 a month penalty or $555.00 per day.

3. This Note will be repaid in full on [illegible]

4. At anytime while not in default under this Note the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

5. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing [illegible] as a result of any default by the Borrower, will be added to the principal then outstanding and shall immediately be paid by the Borrower. The borrower agrees [illegible]

8. This Note will ensure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

9. Guy Griffithe extends a personal guarantee as additional condition of this note. If the company does not pay this note as agreed here within then Guy Griffithe will personally take full responsibility for the note and will pay all cost associated with the terms of this agreement.

IN WITNESS WHEREOF the Borrower has duly affixed their signature under seal on this 8th day of December, 2016.

## SIGNED, SEALED, AND DELIVERED

This 8th day of December, 2016

_____

Guy Griffithe – Signer            Date

Bridgegate Pictures Corp

_____

NK3, LLC – Lender        Date  12/8/16

**THIS PROMISSARY NOTE IS THE** "Agreement" made and entered into this 2nd day of May 2017 the "Execution Date"

# PROMISSORY NOTE

**Borrower:**   Bridgegate Pictures Corp 200 S. Main St Suite 305 Corona, CA 92882 (the borrower)

**Lender:**   Mr. Mason Kosel 1115 Azul Ct. Oceanside, CA 92057 (the lender)

**Principal Amount:**   $50,000.00 USD

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of $50,000.00 USD, with interest payable on the unpaid principal at the rate of $10,000.00 for 90 calendar days, calculated monthly not in advance.

2. PENALTY: The borrower agrees for every month thereafter there will be a $4,166.67 a month penalty or $138.89 per day.

3. This Note will be repaid in full on July 2nd, 2017.

4. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

5. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. The borrower agrees for every month thereafter there will be a $4,166.67 a month penalty.

6. If any term, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary.

7. This Note will be construed in accordance with and governed by the laws of the State of California.

1 of 2

8. This Note will ensure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

9. Guy Griffithe extends a personal guarantee as additional condition of this note. If the company does not pay this note as agreed here within then Guy Griffithe will personally take full responsibility for the note and will pay all cost associated with the terms of this agreement.

IN WITNESS WHEREOF the Borrower has duly affixed their signature under seal on this 2nd day of May, 2017.

## SIGNED, SEALED, AND DELIVERED

This 2nd day of May, 2017

_____    May 1, 2017

Guy Griffithe – Signer        Date


_____    5/2/17

Mason Kosel – Lender          Date

**THIS PROMISSARY NOTE IS THE** "Agreement" made and entered into this 30th day of May 2017 the "Execution Date"

# PROMISSORY NOTE

**Borrower:**   Bridgegate Pictures Corp 200 S.  Main St Suite 305 Corona, CA  92882 (the borrower)

**Lender:**   Mr. Kolby Gibson 515 Encinitas Blvd. #202 Encinitas, CA 92024 (the lender)

**Principal Amount:**   $~~100,000.00~~USD  *Book $125.000 USD* 

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of $125,000.00 USD, with interest payable on the unpaid principal at the rate of $31,250.00 for 120 calendar days, calculated monthly not in advance.

2. PENALTY: The borrower agrees for every month thereafter there will be a $7,812.50.a month penalty or $260.41 per day.

3. This Note will be repaid in full on September 30th, 2017.

4. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

5. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.  The borrower agrees for every month thereafter there will be a $7,812.500.a month penalty.

6. If any term, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary.

7. This Note will be construed in accordance with and governed by the laws of the State of California.

1 of 2

8.  This Note will ensure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender.  The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

9.  Guy Griffithe extends a personal guarantee as additional condition of this note. If the company does not pay this note as agreed here within then Guy Griffithe will personally take full responsibility for the note and will pay all cost associated with the terms of this agreement.

IN WITNESS WHEREOF the Borrower has duly affixed their signature under seal on this 30th day of May, 2017.

## SIGNED, SEALED, AND DELIVERED

This 30th day of May, 2017

<br>

_____        May 30, 2017

Guy Griffithe – Signer                 Date

<br>

_____        5/30/17.

Mason Kobel – Lender                    Date

Kaby Gibson – Lawson

2 of 2

THIS PROMISSARY NOTE IS THE "Agreement" made and entered into this 15th day of May 2017 the "Execution Date"

# PROMISSORY NOTE

**Borrower:**    Bridgegate Pictures Corp 200 S. Main St Suite 305 Corona, CA 92882 (the borrower)

**Lender:**    Mr. Greg Wick (the lender)

**Principal Amount:**    $150,000.00 USD

1. FOR VALUE RECEIVED, The Borrower promises to pay to the Lender at such address as may be provided in writing to the Borrower, the principal sum of $150,000.00 USD, with interest payable on the unpaid principal at the rate of 15% ($22,500.00) for 65 calendar days from the date funds are received, calculated per term not in advance.

2. PENALTY: The borrower agrees for every month thereafter there will be a $4,166.67 a month penalty or $138.89 per day.

3. This Note will be repaid in full on July 20th, 2017.

4. At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus or penalty.

5. All costs, expenses and expenditures including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. The borrower agrees for every month thereafter there will be a $4,166.67 a month penalty.

6. If any term, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary.

7. This Note will be construed in accordance with and governed by the laws of the State of California.

 

1 of 2

8.  This Note will ensure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender.  The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

Guy Griffithe extends a personal guarantee as additional condition of this note.  If the company does not pay this note as agreed here within then Guy Griffithe will personally take full responsibility for the note and will pay all cost associated with the terms of this agreement.

IN WITNESS WHEREOF the Borrower has duly affixed their signature under seal on this 15th day of May, 2017.

## SIGNED, SEALED, AND DELIVERED

This 15th day of May, 2017

May 15, 2017

_____          _____
Guy Griffithe – Signer                              Date

_____          _____
Greg Wick – Lender                                 Date

2 of 2

# DECLARATION OF JOSEPH SAMEC

I, Joseph Samec state upon information and belief and declare as follows:

1.  As to the following fact, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto. The capitalized terms in this Declaration have the meaning set forth in the Reply above.

2.  Over at least the last 10 years Defendant has engaged in activities aimed at procuring income from the public for many business entities ostensibly managed by Defendant in some capacity.

3.  Defendant continues to collect monies from non accredited investors, by misrepresenting facts, assets, profits, licensing and ownership shares, in several different business entities. Defendant is well aware of the companies and his own gross undercapitalization and ability to guarantee repayment. However, this does not discourage Defendant from continuing to procure additional funds.

4.  Defendant has had a lengthy career serving as a Defendant within the court system, in Southern California and beyond. Most cases naming Defendant seem to follow a common scheme, to which Defendant creates companies that allegedly do business in the management, mortgage, auto rental, movie, entertainment, and marijuana business.

5.  Defendant intentionally misrepresents his net worth, capitalization, and liquid assets, of most all the businesses Defendant manages, and creates.

6.  Defendant then seeks loans and investments into these companies through the public, and the firms of financial advisors, under terms and conditions, with ambiguous language written into the contracts Defendant issues, comingling funds between the companies and using the company's business bank accounts to pay his personal debts.

7.  Most generally the creditors, and investors are never repaid by Defendant, or the alleged businesses Defendant represents, that the funds were loaned too.

8.  Defendant then uses the judicial system state court and bankruptcy court abusively, to avoid paying his obligated debt.

9.  Currently Defendant is 1 of the subject defendants, in an ongoing investigation by the Securities Exchange Commission, and the Washington State Liquor and Cannabis Board, Case No. 8D9095A in regards to SMRB, Green Acres Pharms and Renewable Technologies Solutions Inc.

1

1  |  10.    Defendant has a history of avoiding his financial obligation by way of bankruptcy.

2  I respectfully request the court to take into advisement the statements made in this declaration.

3

4

5  Dated: 1/2/20

6  Joseph Samec in Pro Per

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEFENDANT GUY GRIFFITHE'S MOTION TO DISMISS COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT [11 U.S.C.§523 (a)(2)(A) and (a)(4)]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
838 N. Charter Dr.
Covina Ca 91724

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Defendant Guy Griffithe's Motion to
Dismiss Complaint to Determine Dischargeability of Debt [11 U.S.C. § 523 (a)(2)(A) and (a)(4)] , Exhibit A - F, and a
Declaration of Joseph Samec.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 1|2|20_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

See Attached Service List.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 1|2|20_____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Via Personal Delivery - PRESIDING JUDGE'S COPY
Judge Theodor C. Albert
Unitied State Bankruptcy Court - Central District of California - Santa Ana Division
Ronald Reagan Federal Building 411 W. Fourth Street, Santa Ana, Ca 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1|2|20 | Jo Anna Samec | | *[signature]* |
|--------|---------------|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## Service List

**Agent for Service of Process as per Agreement of Stipulation of Superior Court of California, County Orange dated 10/8/19:**
**Guy Griffithe**
Kaleen Pallaschke Esq.
23441 S. Pointe Dr. Ste.190
Laguna Hills  Ca 92653

**Thomas H. Casey**
22342 Avenida Empresa
Ste. 245
Rancho Santa Margarita, Ca 92688

**Judge Theodor C. Albert**
United State Bankruptcy Court
Central District of California
Ronald Reagan Federal Building
411 W. Fourth St.
Ste. 5085
Santa Ana Ca 92701

**U.S. Trustee**
United States Trustee
411 W. Fourth St.
Ste. 7160
Santa Ana Ca 92701

**Attorney for Defendant/Debtor**
**Baruch C. Cohen, Esq.**
4929 Wilshire Boulevard,
Ste. 940
Los Angeles, Ca 90010