| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>LAW OFFICE OF BARUCH C. COHEN<br>            A Professional Law Corporation<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, California 90010<br>(323) 937-4501    Fax (323) 937-4503<br>e-mail: baruchcohen@baruchcohenesq.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for Defendant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>GUY GRIFFITHE,<br><br>                                                    Debtor(s). | CASE NO.: 8:19-bk-12480-TA<br><br>CHAPTER: 7<br><br>ADVERSARY NO: 8:19-ap-01199-TA |
|---|---|
| JOSEPH SAMEC,<br><br>                                                    Plaintiff(s),<br><br>               vs.<br><br>GUY GRIFFITHE<br><br>                                                    Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:**<br><br>**MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. § 523(a)(2)(A) and (a)(4)] & SCHEDULING ORDER** |

PLEASE TAKE NOTE that the order or judgment titled ORDER GRANTING MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. § 523(a)(2)(A) and (a)(4)] & SCHEDULING ORDER was lodged on 01-17-2020 and is attached. This order relates to the motion which is docket number 8.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    Page 1                                                    **F 9021-1.2.ADV.NOTICE.LODGMENT**

Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501        Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney for Defendant Guy Griffithe*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>GUY GRIFFITHE,<br><br>    Debtor.<br><br>JOSEPH SAMEC,<br><br>    Plaintiff<br><br>vs.<br><br>GUY GRIFFITHE<br><br>    Defendant | Case No. 8:19-bk-12480-TA<br><br>Adv. 8:19-ap-01199-TA<br><br>Before the Honorable Theodor C. Albert<br><br>Chapter 7<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. § 523(a)(2)(A) and (a)(4)] & SCHEDULING ORDER**<br><br>[F.R.C.P. 9(b), 12(b)(6); F.R.B.P. 7009, 7012]<br><br>Date: 1-16-2020<br>Time: 10:00 AM<br>Place: 411 West Fourth Street, Santa Ana, CA<br>Courtroom: 5 |

    The hearing on Defendant *Guy Griffithe*'s Motion to Dismiss Complaint to Determine Dischargeability of Debt [11 U.S.C. § 523(a)(2)(A) and (a)(4)] ("Motion") came on for hearing at the above-captioned date time and place.

    Appearances were noted on the record of the proceedings. After having considered the Motion and oral argument, both Plaintiff & Defendant submitted on the Court's Tentative, and for

1

all the reasons stated in the record of the proceedings and such other matters as the Court deemed appropriate,

**IT IS HEREBY ORDERED** that:

The Motion is granted, pursuant to this Court's Tentative, a copy of which is attached, adopted, and now made part of the record.

1. Plaintiff has 45-days from the date of entry of this order to file his First Amended Complaint.

2. The Status Conference will be continued to 3-12-2020 at 10:00AM to allow further briefing whether the Court has subject matter jurisdiction to adjudicate claims relating to cannabis and as a reserved hearing date should Plaintiff wish to move for abstention.

3. Defendant's deadline to bring the (Cannabis) Motion is 2-20-2020.

4. Plaintiff's deadline to oppose the (Cannabis) Motion is 3-2-2020.

5. Defendant's deadline to reply to the (Cannabis) Motion is 3-8-2020.

6. Plaintiff's deadline to bring an Abstention Motion is 2-20-2020.

7. Defendant's deadline to oppose the Abstention Motion is 3-2-2020.

8. Plaintiff's deadline to reply to the Abstention Motion is 3-8-2020.

###

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, January 16, 2020**  Hearing Room  **5B**

**10:00 AM**
**8:19-12480    Guy S. Griffithe**    Chapter 7
Adv#: 8:19-01199    Samec v. Guy Griffithe Et.Al

#3.00    Motion To Dismiss Complaint To Determine Dischargeability Of Debt [11 USC § 523(a)(2)(A) and (2)(4)]

Docket    8

**Tentative Ruling:**

Tentative for 1/16/20:
This is Defendant/Debtor, Guy Griffithe's ("Defendant's") motion to dismiss the complaint of Plaintiff/Creditor, Joseph Samec. Plaintiff's complaint is styled such that he is essentially requesting a determination that Defendant's conduct, if proven, would constitute non-a dischargeable debt pursuant to 11 U.S.C. §523(a)(2)(A) [actual fraud] and (a)(4) [defalcation while acting in fiduciary capacity, embezzlement or larceny]. It is not clear whether Plaintiff intends to have the case tried in this court or in state court, and there is a question of abstention but not before the court at this moment.

### 1. FRCP 12(b)(6) Standards

When considering a motion under FRCP 12(b)(6), a court takes all the allegations of material fact as true and construes them in the light most favorable to the nonmoving party. *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Id*. Motions to dismiss are viewed with disfavor in the federal courts because of the basic precept that the primary objective of the law is to obtain a determination of the merits of a claim. *Rennie & Laughlin, Inc. v. Chrysler Corporation*, 242 F.2d 208, 213 (9th Cir. 1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, January 16, 2020**  Hearing Room  **5B**

**10:00 AM**
**CONT...    Guy S. Griffithe**  Chapter 7

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-556 (2007)   A complaint must contain enough factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) citing *Twombly*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  The tenet that a court must accept as true all factual allegations is not applicable to legal conclusions.  *Id*.

### 2.  Alleged Facts

Plaintiff in his complaint alleges that, in exchange for a 90-day loan from Plaintiff in the amount of $100,000, Defendant signed a promissory note on March 30, 2017 on behalf of Bridgegate Picture Corp. ("Bridgegate") and signed also as a personal guarantor. The promissory note was delivered by Plaintiff's then financial advisor, Maartin Rossouw ("Rossouw").  Plaintiff claims that Rossouw acted as a dual agent for both Plaintiff and Defendant.  When debt on the promissory note became due, Plaintiff attempted to collect through Rossouw, but to no avail.  This went on for several months.  To date, Plaintiff has received only $25,000, but apparently received other checks returned for insufficient funds.  It is noteworthy what the complaint does not contain.  There are few if any alleged representations attributed to the Defendant, or even to Rossouw.  In short, very little is given that would separate this case from a simple breach of contract case.  It should come as no surprise that all bankruptcies are filled with breach of contract claims, and it is only those few where the debt was procured through one or more of the "bad acts" described in §523(a) that discharge is correctly challenged.

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, January 16, 2020**  Hearing Room  **5B**

<u>10:00 AM</u>
**CONT...**    **Guy S. Griffithe**    **Chapter 7**

### 3. Plaintiff's Claim Under §523(a)(2)(A)

Plaintiff claims that Defendant's alleged misconduct requires a finding that the debt he has incurred with respect to the unpaid loan is not dischargeable pursuant to §523(a)(2)(A). To establish a claim under §523(a)(2)(A), a plaintiff must establish: (1) a representation of fact by the debtor; (2) that was material; (3) that the debtor knew at the time to be false; (4) that the debtor made with the intention of deceiving the creditor; (5) upon which the creditor relied; (6) and that the creditor's reliance was reasonable; (7) that damage proximately resulted from the misrepresentation. See *Rubin v. West (In re Rubin),* 875 F.2d 755, 759 (9th Cir. 1989); see also, Britton v. Price (In re Britton), 950 F.2d 602, 604 (9th Cir. 1991). A claim under this "fraud" exception requires that the claim satisfy the heightened pleading requirements for fraud pursuant to F.R.C.P. 9(b). See *In re Jacobs*, 403 B.R. 565, 574 (Bankr. N. D. Ill. 2009) (citations omitted).

F.R.C.P. 9(b) and F.R.B.P. 7009 provide: "In alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." While intent or knowledge may be averred generally, however, the plaintiff must still plead the events claimed to give rise to an inference of intent or knowledge *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987), which may be accomplished by pleading facts consistent with certain well established "badges of fraud." *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2004).

Here, Plaintiff in his complaint alleges that at the time of the loan, Defendant knew that Bridgegate was severely undercapitalized and did not have the resources to fulfill the terms of the promissory note or Defendant's personal guarantee. Plaintiff alleges that Defendant has entered into similar

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, January 16, 2020**                                                                 Hearing Room        5B

<u>10:00 AM</u>
**CONT...        Guy S. Griffithe**                                                                                          Chapter 7

agreements with other investors, and that those promissory notes too are in default. Plaintiff alleges that he detrimentally relied on Defendant's personal guarantee of the loan in making his decision and that had he known Bridgegate's true financial condition, he would never have invested. As a result of Defendant's default, which Plaintiff argues was intentional, Plaintiff has been damaged in an amount not less than the remaining balance of the loan.

But, are the facts alleged in Plaintiff's complaint, taken as true, even close to meeting the minimal pleading standards set forth above?  No allegation is made that Defendant represented anything to Plaintiff, whether about his own financial position, that of Bridgegate, or otherwise. There is no specific allegation that Rossouw made representations either.  As *Iqbal* and *Twombly* make clear, there must be enough *factual* detail to support a claim under §523(a)(2)(A), especially given the heightened pleading standards under Rule 9(b).  Merely reciting the elements of fraud is insufficient; there must be corresponding facts alleged supporting each of the elements.  What was said, by whom, when, etc. Was it oral or in writing?

Surely, not every promissory note supported by a personal guarantee amounts to fraud, false pretenses, or intentional misrepresentation when the promisor and guarantor cannot fulfill those obligations. Even considering the other notes allegedly made to other investors on similar terms, the court remains unpersuaded that fraudulent conduct has been pled with enough specificity for Rule 9.  Even shaky borrowers are entitled to borrow money, and eventual default does not necessarily mean this was a foregone conclusion. In opposition to this motion, Plaintiff argues that Defendant has had over 20 lawsuits filed against him for nonpayment of debt going back over a decade.  Unfortunately, this was not raised in the actual complaint. Moreover, we cannot rely on mere inference. While widespread and prolonged giving of bad promissory notes *might* suggest that the issuer was

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, January 16, 2020**　　　　　　　　　　　　　　　　　　　Hearing Room　　5B

<u>10:00 AM</u>
**CONT...**　　**Guy S. Griffithe**　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

making them intentionally without the ability or inclination to repay, all the specifics need to be provided and Plaintiff must be able to allege specifically that these were an intentional device to obtain funds under false pretenses. The Complaint as it stands is very short of this standard.

### 4. Plaintiff's Claim Under §523(a)(4)

11 U.S.C. § 523(a)(4) provides an exception to discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

Here, Plaintiff alleges that Defendant, as President of Bridgegate, owed fiduciary duties to his investors, including Plaintiff. Plaintiff then alleges that Defendant breached those duties by:

(1) failing to honor the personal guarantee;

(2) failing to pay the note by the dates set forth in the note;

(3) failing to pay court costs;

(4) failing to pay late fees;

(5) misrepresenting the financial status of the company;

(6) Engaging in criminal activity, which put the company in peril;

(7) Gross mismanagement;

(8) Theft and conversion of company assets;

(9) failure to disclose money to Plaintiff, which he was entitled to receive;

(10) Diverting assets so as to put them beyond the reach of Plaintiff;

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, January 16, 2020**                                                                                   Hearing Room    **5B**

**10:00 AM**
**CONT...**     **Guy S. Griffithe**                                                                                              **Chapter 7**
(11) Paying himself excessive and/or non-disclosed salaries.

This is quite a list. But unfortunately, like the first claim for relief, this one suffers from the same lack of detailed factual allegations enough to satisfy the heightened pleading requirements under Rule 9(b). The above listed allegations appear to be nothing more than legal conclusions that are either insufficiently supported or not supported at all by the facts as alleged. For example, it is not at all clear how or why Plaintiff regards himself as an "investor" rather than merely a lender. A factual example for each of the 11 subparts would also add some substance to the complaint and possibly supply some support for the necessary allegation that Defendant was as to Plaintiff a fiduciary. Merely being a lender does not alone create a fiduciary relationship. It is also not clear whether Plaintiff is alleging embezzlement and/or larceny in the Complaint. In short, this cause of action is not supported by enough facts to state a claim that is plausible on its face.

     The court notes that Plaintiff is proceeding *in pro se* and encourages Plaintiff to retain counsel. The Complaint involves issues that can be quite subtle and more complex than they may seem to a lay person. This is especially true when the opponent is represented by counsel. The court also notes that Plaintiff is a plaintiff, along with his wife, in another adversary proceeding involving some of the same issues. Retaining counsel could be of significant benefit to Plaintiff. Thus, since the Ninth Circuit has routinely held that leave to amend should be liberally granted, so it will be in this case. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

     **5. Jurisdiction Issue**

     The Reply also curiously argues that the court does not have jurisdiction over this adversary proceeding because the debt at issue was incurred in connection with a cannabis business. The court needs

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

**Thursday, January 16, 2020**  Hearing Room  **5B**

**10:00 AM**
**CONT...    Guy S. Griffithe**                                                           **Chapter 7**

clarification on whether Bridgegate Picture Corp. is a cannabis concern or, as its name would suggest, a motion picture company, or the like.  The court is aware that the other adversary proceedings do relate to loans made primarily for investment in a cannabis business, including one adversary proceeding where Mr. Samec is also a Plaintiff (along with his wife), which adds a layer of confusion that requires clarification.

*Grant with leave to amend*

| Party Information |
|---|

**Debtor(s):**

Guy S. Griffithe                    Represented By
                                     Bert  Briones

**Defendant(s):**

Guy Griffithe Et.Al                  Represented By
                                     Baruch C Cohen

**Plaintiff(s):**

Joseph  Samec                        Pro Se

**Trustee(s):**

Thomas H Casey (TR)                  Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/17/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H Casey (TR)         msilva@tomcaseylaw.com, thc@trustesolutions.net
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 1/17/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Joseph Samec, 838 N Charter Dr, Covina, CA 91724

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/17/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/17/2020 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                           Page 2                          F 9021-1.2.ADV.NOTICE.LODGMENT